# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Mohawk USA LLC,<br><br>                Plaintiff,<br><br>vs.<br><br>Hut Global, Inc. DBA Volume Cases,<br><br>                Defendant. | Civil Action No. 1:17-cv-01388<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Mohawk USA LLC ("Plaintiff" or "Mohawk") for its Complaint against Defendant Hut Global, Inc., DBA Volume Cases ("Defendant" or "Volume Cases"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. (as amended).

## PARTIES

2. Plaintiff Mohawk USA LLC is a limited liability company organized under the laws of Connecticut and having its principal place of business in the Eastern District of Virginia at 200 William Spencer, Williamsburg, VA 23185.

3. Upon information and belief, Defendant Hut Global, Inc., DBA Volume Cases is a corporation formed under the laws of the state of Florida and having its principal place of business at 2701 NW 2nd Ave., Ste 117, Boca Raton, FL 33431, and a registered agent at 170 NE 2nd Ave, #654, Boca Raton, FL 33429.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, as well as 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Defendant by virtue of Defendant's regular and systematic contacts with the Commonwealth of Virginia and this District. Defendant offers and transacts business in and throughout the Commonwealth of Virginia, including through the interactive website at www.volumecases.com, and through the non-party website www.google.com. Defendant's products have been shipped by Defendant to Virginia.

6. Venue is proper in this District under 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events giving rise to the claims alleged herein occurred in this District, and because Defendant is subject to personal jurisdiction in this District.

## FACTS

7. Plaintiff Mohawk is in the business of sales, marketing, and distribution of accessories for consumer electronics, including generally, protective cases and backpacks for tablets and laptop computers, under the Bump Armor® trademark. Mohawk operates the website www.bumparmor.com. Mohawk's primary market is K-12 school systems throughout the United States.

8. Mohawk is a single-member LLC. Mohawk's business operations are managed by Mohawk's president and CEO, Mr. Kevin Kilkenny, from Mohawk's Williamsburg, Virginia offices.

9. Mohawk has protected its rights in and to the Bump Armor® trademark by filing for and obtaining U.S. Trademark Registration No. 4,387,885 for the mark BUMP ARMOR, which was registered on August 20, 2013, and covers "carrying cases for mobile computers;

carrying cases specially adapted for electronic equipment, namely, held mobile devices; computer carrying cases; computer monitor frames; notebook computer carrying cases; protective covers and cases for tablet computers; and protective sleeves for laptop computers" in International Class 9 (U.S. Cls. 21, 23, 26, 36 and 38).

10. Mohawk's registration provides *prima facie* evidence of the validity of the Bump Armor® mark, and of Mohawk's ownership thereof and exclusive right to use same in commerce on or in connection with the goods or services specified in the registration, pursuant to 15 U.S.C. § 1057(b). A copy of the registration certificate is attached as **Exhibit A**.

### DEFENDANT'S WRONGFUL AND INFRINGING CONDUCT

11. Defendant is a director competitor of Plaintiff and also sells carrying cases for tablets and mobile computers in the K-12 market.

12. Defendant purchased the phrase "bump armor" as a Google "AdWord," and displayed links and information for Defendant's Volume Cases products in conjunction therewith. By operation of the Google search engine, when search terms are entered which match an advertiser's purchased keywords or "AdWords," the purchaser's advertisement will appear at the top of the internet search results. Thus, when customers and potential customers of Plaintiff entered the words "bump armor" into the Google search engine, the top-listed result was for Defendant Volume Cases, not Plaintiff Mohawk.

13. Defendant prominently used the BUMP ARMOR mark in its paid search results in Google. Defendant's use of the BUMP ARMOR mark was misleading, and caused Plaintiff's customers and potential customers to be directed to Defendant's website instead of Plaintiff's website.

14. By way of specific example, Defendant, by purchasing the BUMP ARMOR trademark in Google's AdWords, caused users searching for "bump armor" to be presented with the URL www.volumecases/bumparmor. *See* **Exhibit B.** Upon information and belief, customers and potential customers of Plaintiff were confused by Defendant's use of BUMP ARMOR in its URL, and were mislead into believing that Plaintiff's products were available at www.volumecases/bumparmor. Upon clicking the link, however, users were instead redirected to a sample request page for Defendant that included information and a sample order form for Defendant's products. *See* **Exhibit C**. Upon information and belief and at all relevant times, Defendant never hosted a page at the URL www.volumecases/bumparmor.

15. By way of further example, Defendant, by purchasing the BUMP ARMOR trademark in Google's AdWords, caused users searching for "bump armor" to be presented with Defendant's telephone number in close proximity to Plaintiff's BUMP ARMOR mark. *See* **Exhibit B**. Upon information and belief, customers and potential customers of Plaintiff that were seeking Plaintiff's BUMP ARMOR branded products were confused, or were likely to be confused, into calling or contacting Defendant instead of Plaintiff.

16. In still another example, upon information and belief, Defendant, through its confusing use of the BUMP ARMOR mark, actually received phone calls from Plaintiff's customers and potential customers which were intended for Plaintiff. Said calls were mistakenly placed to Defendant after a Google search for Bump Armor displayed Defendant's phone number in close proximity to the BUMP ARMOR mark at the top of Google search results. Upon placing such calls, Plaintiff's customers requested Mohawk sales associates by name. When Defendant received these calls, however, Defendant responded that the requested Mohawk sales associate

"worked under Matt and Matt would contact [the customer]." Defendant then caused its own sales associates to contact the Mohawk customers.

17. By way of certified mail dated November 13, 2017, Plaintiff, through counsel, demanded that Defendant cease and desist infringing the BUMP ARMOR mark. In response, Defendant indicated that it had suspended its use of the BUMP ARMOR mark. Defendant, however, has steadfastly refused to agree to cease using the BUMP ARMOR mark in the future.

18. Defendant used the BUMP ARMOR mark in connection with advertising for Defendant's computer carrying cases geared toward K-12 students, which are highly similar and directly compete with Plaintiff's Bump Armor products.

19. Upon information and belief, Defendant's actions have been taken with the intent to capitalize on and benefit from the goodwill in Mohawk's BUMP ARMOR mark by causing confusion between Mohawk's Bump Armor products and Defendant's Volume Cases products.

20. Defendant's infringing use of the BUMP ARMOR mark in connection with the marketing, distribution, and sale of Defendant's goods has caused or is likely to cause confusion, and/or to cause mistake, and/or to deceive consumers as to the origin, sponsorship, or approval of Defendant's goods. Plaintiff's customers and potential customers, upon conducting Google searches for Plaintiff's products and encountering Defendant's advertising results, were likely to mistakenly believe that Defendant's Volume Cases products originate with, or are sponsored or approved by, or otherwise affiliated or related to, Plaintiff's Bump Armor products.

21. Defendant's actions as described herein have been willful and deliberate acts of trademark infringement, which have caused, and will continue to cause, irreparable harm and other damages to Plaintiff.

## COUNT I

**(Trademark Infringement in Violation of 15 U.S.C. § 1114(1) / Lanham Act § 32(1))**

22. Plaintiff repeats and realleges each and every allegation of fact set forth in the paragraphs above as if fully set forth herein.

23. U.S. Trademark Registration No. 4,387,885 for the BUMP ARMOR mark is a valid, federally registered trademark which is entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* (as amended).

24. Defendant's unauthorized use in interstate commerce of the BUMP ARMOR mark has caused, or is likely to cause, confusion, mistake, and/or deception, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

25. Defendant's acts as alleged herein constitute intentional and willful infringement of Plaintiff's rights.

26. Plaintiff has been damaged by the aforementioned acts in an amount to be determined at trial.

27. Defendant's acts have caused, and unless enjoined, will continue to cause, irreparable harm to Plaintiff, and injury to Plaintiff's goodwill and reputation, for which there is no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Pursuant to 15 U.S.C. §1116, order that Defendant, their employees, agents, assigns, servants, and any other person in active concert or participation with any of them, be preliminarily and permanently enjoined from:

      a.    Using the BUMP ARMOR mark in connection with the sale, advertising, promotion, or distribution of any protective cases or backpacks for tablets or laptop computers, or any related products that are likely to cause confusion, mistake, or deception with respect to Plaintiff's BUMP ARMOR mark; and

      b.    Taking any other action likely to induce the mistaken belief that Plaintiff's goods and services are in any way affiliated, connected, or associated with Defendant or Defendant's goods or services, or doing any other act or thing likely to cause confusion with respect to Plaintiff's BUMP ARMOR mark.

2.    Pursuant to 15 U.S.C. § 1117, that Defendant account and pay Plaintiff damages in an amount sufficient to fairly compensate it for the injury it has sustained, plus all the profits that are attributable to Defendants' use of the infringing BUMP ARMOR mark, and such other sums as the Court finds to be just;

3.    Award Plaintiff all reasonable attorney fees, costs, or disbursements incurred by Plaintiff as a result of this action.

4.    All such other and further relief, in law or in equity, to which Plaintiff may be entitled, or which the Court deems just and proper.

[*continued on the following page*]

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: December 6, 2017

*Benjamin E. Maskell*
_____
Benjamin E. Maskell (VSB No. 78,791)
ben@MaskellLaw.com
MASKELL LAW PLLC
888 N. Quincy St. Suite 701
Arlington, VA 22203
Phone: 703-568-4523

*Counsel for Plaintiff Mohawk USA LLC*